UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLENE MCNARY,

Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION, and AMERICA'S SERVICING COMPANY,

Defendants.

U.S.D.C. #

Hon. ___________________

Lower Case No. 11-003967 CZ

Adam S. Alexander (P53548)
THE ALEXANDER LAW FIRM
Attorney for Plaintiff
18930 W. 10 Mile Rd., Suite 2500
Southfield, MI 48075
(248) 246-6353
adalesq@gmail.com

Matthew J. Boettcher (P40929)
Patrick C. Lannen (P73031)
PLUNKETT COONEY
Attorneys for Defendants
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4035/4027
mboettcher@plunkettcooney.com
plannen@plunkettcooney.com

**NOTICE OF FILING REMOVAL**

**NOTICE OF REMOVAL TO FEDERAL COURT**

**VERIFICATION**

**PROOF OF SERVICE**

**PLUNKETT COONEY**

By: /s/ Mathew J. Boettcher
Matthew J. Boettcher (P40929)
Attorneys for Defendants
Plunkett Cooney
38505 Woodward Ave.
Suite 2000
Bloomfield Hills, MI 48304
248-901-4035
mboettcher@plunkettcooney.com
P40929

DATED: April 20, 2011

Blmfield.17807.90781.1089457

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CHARLENE MCNARY,

Plaintiff,

vs.

Case No. 11-003967 CZ
Hon. Prentis Edwards

U.S. BANK NATIONAL ASSOCIATION,
And AMERICA'S SERVICING COMPANY,

Defendants.

---

Adam S. Alexander (P53548)
THE ALEXANDER LAW FIRM
Attorney for Plaintiff
18930 W. 10 Mile Rd., Suite 2500
Southfield, MI 48075
(248) 246-6353
adalesq@gmail.com

Matthew J. Boettcher (P40929)
Patrick C. Lannen (P73031)
PLUNKETT COONEY
Attorneys for Defendants
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4035/27
mboettcher@plunkettcooney.com
plannen@plunkettcooney.com

---

**NOTICE OF FILING REMOVAL**

TO:

Adam S. Alexander (P53548)
THE ALEXANDER LAW FIRM
Attorney for Plaintiff
18930 W. 10 Mile Rd., Suite 2500
Southfield, MI 48075

Clerk of the Court
Wayne County Circuit Court
One Woodward Ave.
CAYMC
Detroit, MI 48226

PLEASE TAKE NOTICE THAT Defendants, U.S. Bank National Association and America's Servicing Company ("Defendants"), have filed a Notice of Removal, a copy of which is attached hereto, in the offices of the Clerk of the United States District Court, Eastern District of Michigan, Southern Division.

Respectfully submitted,

PLUNKETT COONEY

By:/s/Matthew J. Boettcher
Matthew J. Boettcher (P40929)
Attorneys for Defendants
38505 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4035
Email: mboettcher@plunkettcooney.com
P40929

Dated: April 20, 2011

Blmfield.17807.90781.1089457-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLENE MCNARY,

Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION, and AMERICA'S SERVICING COMPANY,

Defendants.

U.S.D.C. #

Hon. ___________________

Lower Case No. 11-003967 CZ

---

Adam S. Alexander (P53548)
THE ALEXANDER LAW FIRM
Attorney for Plaintiff
18930 W. 10 Mile Rd., Suite 2500
Southfield, MI 48075
(248) 246-6353
adalesq@gmail.com

Matthew J. Boettcher (P40929)
Patrick C. Lannen (P73031)
PLUNKETT COONEY
Attorneys for Defendants
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4035/4027
mboettcher@plunkettcooney.com
plannen@plunkettcooney.com

---

**NOTICE OF REMOVAL TO FEDERAL COURT**

TO: Clerk of the Court
Wayne County Circuit Court

Adam S. Alexander
Attorney for Plaintiff

Defendants, U.S. Bank National Association and America's Servicing Company ("Defendants"), by their attorneys, Plunkett Cooney, remove this action from the Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division. In support of this Notice of Removal, Defendants state:

1. On or about April 4, 2011, this action was commenced against Defendants in the Wayne County Circuit Court.

2. Copies of the Summons and Complaint are attached as **Exhibit A**.

3. A copy of CSC's Notice of Service of Process for this case demonstrates that Defendants were served on or about April 7, 2011. *See*, **Exhibit B**.

4. The documents attached as Exhibits A constitute all process, pleadings and orders received by Defendants and/or otherwise of record in this action.

5. This case is a civil action of which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's Complaint purports to assert a federal cause of action against Defendants arising out of the Equal Credit Opportunity Act, 15 U.S.C. 1691, *et. seq*. (see, 15 U.S.C. § 1591e(f)). *See*, Complaint at Count II. This Court has supplemental jurisdiction over the Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367. The case is, therefore, removable pursuant to 28 U.S.C. § 1441.

6. This action also involves a controversy that is wholly between citizens of different states under 28 U.S.C. § 1332.

a. When this action was filed, Plaintiff was a citizen of the State of Michigan. *See*, Complaint at ¶ 1.

b. Defendant, America's Servicing Company, is an assumed name for Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. Wells Fargo Bank, N.A. is a national bank that is chartered in South Dakota. As such that is where its main office is and thus for diversity it is a citizen of South Dakota. *Wachovia Bank v Schmidt*, 546 US 303, 126 SCt 941 (2006).

c. Defendant, U.S. Bank National Association, is a federally chartered national bank with its main office located at 425 Walnut Street, Cincinnati, OH 45202-3923. For diversity purposes U.S. Bank is a citizen of Ohio. *See*, *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307; 126 S.Ct. 941; 163 L.Ed.2d 797 (2006).

d. The amount in controversy also exceeds $75,000 exclusive of interests and costs. Part of the relief sought in the Complaint includes Plaintiff's request to rescind the sheriff's deed that was recorded as part of the foreclosure of the Plaintiff's mortgage. *See*, **Exhibit C**. The subject property was sold at the sheriff's sale for $85,000. In addition, Plaintiff seeks damages in an amount in excess of $25,000.

As such, this case is, removable on diversity grounds pursuant to 28 U.S.C. § 1441.

7. A Notice of Filing Notice of Removal to Federal Court and a copy of this Notice of Removal of Civil Action will be filed promptly with the Wayne County Circuit Court as required by 28 U.S.C. § 1446(d) and copies of the

same have been served upon Plaintiff's counsel as verified by the attached proof of service.

8. Based upon the foregoing, Defendants are entitled to remove this action to this Court under 28 U.S.C. § 1441, *et seq*.

**WHEREFORE**, Defendants request that this Court take jurisdiction over this action and grant such other relief as the Court deems proper.

Respectfully submitted,

PLUNKETT COONEY

By: /s/Matthew J. Boettcher
Matthew J. Boettcher (P40929)
Attorneys for Defendants
38505 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4035
Email: mboettcher@plunkettcooney.com
P40929

Dated: April 20, 2011

Blmfield.17807.90781.1089457-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLENE MCNARY,

Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION, and AMERICA'S SERVICING COMPANY,

Defendants.

U.S.D.C. #

Hon. ___________________
Lower Case No. 11-003967 CZ

Adam S. Alexander (P53548)
THE ALEXANDER LAW FIRM
Attorney for Plaintiff
18930 W. 10 Mile Rd., Suite 2500
Southfield, MI 48075
(248) 246-6353
adalesq@gmail.com

Matthew J. Boettcher (P40929)
Patrick C. Lannen (P73031)
PLUNKETT COONEY
Attorneys for Defendants
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4035/4027
mboettcher@plunkettcooney.com
plannen@plunkettcooney.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and that I have mailed by United States Postal Service to any parties that are not ECF participants.

**PLUNKETT COONEY**

By:/s/ Mathew J. Boettcher
Matthew J. Boettcher (P40929)
Attorneys for Defendants
Plunkett Cooney
38505 Woodward Ave.
Ste. 2000
Bloomfield Hills, MI 48304
248-901-4035
mboettcher@plunkettcooney.com
P40929

DATED: April 20, 2011

Blmfield.17807.90781.1089457-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLENE MCNARY,

Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION, and AMERICA'S SERVICING COMPANY,

Defendants.

U.S.D.C. #

Hon. ___________________

Lower Case No. 11-003967 CZ

---

Adam S. Alexander (P53548)
THE ALEXANDER LAW FIRM
Attorney for Plaintiff
18930 W. 10 Mile Rd., Suite 2500
Southfield, MI 48075
(248) 246-6353
adalesq@gmail.com

Matthew J. Boettcher (P40929)
Patrick C. Lannen (P73031)
PLUNKETT COONEY
Attorneys for Defendants
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4035/4027
mboettcher@plunkettcooney.com
plannen@plunkettcooney.com

---

**VERIFICATION**

MATTHEW J. BOETTCHER, first being duly sworn, states that he is the attorney for Defendants, and that the foregoing Notice of Removal is true in substance and in fact to the best of his knowledge, information and belief.

**PLUNKETT COONEY**

By: /s/ Mathew J. Boettcher

Matthew J. Boettcher (P40929)
Attorneys for Defendants
Plunkett Cooney
38505 Woodward Ave.
Suite 2000
Bloomfield Hills, MI 48304
248-901-4035
mboettcher@plunkettcooney.com
P40929

DATED: April 20, 2011

Subscribed and sworn to before me
on April 20, 2011.
/S/ MARY E. KISELL
Notary Public
Wayne County, Michigan
My Commission Expires: 09-05-2012

Open.17807.11242.10846680-1

## INDEX OF EXHIBITS

Exhibit A - Summons and Complaint

Exhibit B - CSC Notice of Service of Process

Exhibit C - Sheriff's Deed on Mortgage Foreclosure

Open.17807.11242.10851718-1

# Exhibit A

STATE OF MICHIGAN
THIRD CIRCUIT COURT



# SUMMONS AND RETURN OF SERVICE

CASE NO. 11-003967-CZ

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-

THIS CASE ASSIGNED TO JUDGE: Prentis Edwards Bar Number: 13114

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| MCNARY, CHARLENE | VS | AMERCIA'S SERVIC ING COMPANY |

PLAINTIFF'S ATTORNEY

Alexander, Adam S.
(P-53584)
18930 W 10 Mile Rd Ste 2500
Southfield, MI 48075-2629
(248) 246-6353

| CASE FILING FEE | | JURY FEE |
|---|---|---|
| Paid | | No Jury Demand |
| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
| 04/04/2011 | 07/04/2011 | Linda Taylor |

*This summons is invalid unless served on or before its expiration date.

Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ______________________ Court.

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________________ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

4/4/2011
Date

Signature of attorney/plaintiff

SEAL OF THE CIRCUIT COURT OF WAYNE COUNTY MICHIGAN

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

# RETURN OF SERVICE

Case No.

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with ______________________________
List all documents served with the Summons and Complaint

______________________________

______________________________ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

______________________________

I have made the following efforts in attempting to serve the defendant(s): ______________________________

______________________________

☐ I have personally attempted to serve the summons and complaint, together with ______________________________
Attachment

______________________________ on ______________________________
Name

at ______________________________ and have been unable to complete service because
Address

the address was incorrect at the time of filing.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

______________________________
Signature

______________________________
Title

Subscribed and sworn to before me on ______________________ , ______________________ County, Michigan.
Date

My commission expires: ______________________ Signature: ______________________________
Date / Deputy court clerk/Notary public

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with ______________________________
Attachments

______________________________ on ______________________________
Day, date, time

______________________________ on behalf of ______________________________ .
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CHARLENE MCNARY,

Plaintiffs

11- CZ

-vs-

US BANK NATIONAL ASSOCIATION, and
AMERICA'S SERVICING COMPANY,

MCNARY, CHARLENE v US BANK NATION
Hon. Prentis Edwards 04/04/2011
11-003967-CZ

Defendants,
_____________________________________/

Adam S. Alexander (P53584)
The Alexander Law Firm
Attorney for Plaintiffs
18930 W 10 Mile Rd Ste 2500
Southfield, MI 48075
248-246-6353
adalesq@gmail.com
_____________________________________/

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
2011 APR -4 P 1:06

Charlene McNary states the following claims for relief:

**PLAINTIFF'S COMPLAINT**

**PARTIES**

1. Charlene McNary, ("Plaintiff"), purchased a residence at 741 Lemay, Detroit, MI 48214 Wayne County Michigan on or about September of 2006; she resides in the residence and it is her principal residence for tax and all other purposes.

2. Defendant US Bank National Association, ("US Bank") is a national bank, and upon information and belief is the successor in interest to the original mortgagor, and is either deed holder or the trustee for the current deed holder, and at all times herein mentioned was conducting ongoing intrastate business in the County of Wayne, State of Michigan. Upon information and belief, US Bank

claims to be the Note Holder of Plaintiff' Trust Deed.

3. Defendant America's Servicing Company, ("ASC"), is a division of Wells Fargo Home Mortgage Corporation law firm engaged in the activity of servicing loans for various investors, including US Bank, with it's principal place of business Des Moines, Iowa, and doing business in Wayne County, Michigan.

**JURISDICTION**

4. The lawsuit is being brought pursuant to the Michigan foreclosure statute, MCL 600.3205a, breach of contract and estoppel; the court has jurisdiction under these state claims.

5. The lawsuit is also brought pursuant to the Equal Credit Opportunity Act 15 U.S.C. §1691 *et seq;* This court has concurrent jurisdiction over these federal law claims.

6. Venue in this Court is proper in that the events giving rise to this action occurred in Wayne County, Michigan.

**FACTUAL ALLEGATIONS**

7. On or around September of 2006, Plaintiff obtained their initial Mortgage through through BNC Mortgage.

8. Subsequently the mortgage was taken over by US Bank who upon information and belief claims to be the current holder of the subject mortgage.

9. Plaintiff became late on their payments due to a financial hardship in December of 2008.

10. Plaintiff stayed in contact with our mortgage servicer, ASC, during this period, along with their legal counsel Orlans Associates, and attempted to work with them to enter into a loan modification in 2009.

11. In August of 2009, Plaintiff entered into a "forebearance agreement" with Defendants to

avoid foreclosure.

12. After the 3-month "forebearance agreement" terminated in October of 2009, Plaintiff was not offered a loan modification, or provided with a loan modification offer, or advised of any reasons for denying or not considering a loan modification.

13. Over a period of approximately 7 months, from November of 2009 to June of 2010, Defendants and their agents requested loan modification documentation from Plaintiff, which was timely delivered on several occasions.

14. Despite complying with Defendants' request to provide financial information and other documentation, Defendants never properly reviewed the information and never advised Plaintiff whether the loan modification would be granted.

15. During this same period of time, Defendants and their agents wrongfully and illegally scheduled several sheriff's sales for the subject property, only to postpone these sales over and over again, based on Plaintiff's continued cooperation and efforts to secure a loan modification.

16. In May of 2010, Plaintiff contacted Josh at "Loss Mitigation" for ASC and was advised they were still "waiting approval" for her loan modification, and that the information was being "sent to the investors".

17. In May of 2010, Plaintiff contacted Lou Ann at ASC to confirm the sheriff's sale date; Plaintiff was advised it would be sold on June 2, 2010, and that ASC was "still waiting approval" for the loan modification.

18, In June of 2010, Plaintiff contacted Jamica at ASC for a status on her loan modification and was advised her file was "still under review" and that the new sheriff's sale date would be June 16, 2010.

19, In June of 2010, Plaintiff contacted Chris at ASC for a status on her loan modification and was advised her file was "still under review" and that the he would be sending a request to postpone the new sheriff's scheduled for June 16, 2010; Chris also advised Plaintiff to send in new financial documentation, which she faxed over shortly thereafter.

20. Again in June of 2010, Plaintiff contacted Lucy at ASC for a status on her loan modification and was advised her file was "still in active review" and that a postponement request was sent out; Lucy advised Plaintiff that she should call back in the afternoon to verify their attorneys (Orlans Associates) received the postponement request.

21. Again in June of 2010, Plaintiff contacted ASC and they claimed to not have a new sales date for the sheriff's sale.

22. Despite these repeated communications, and others not documented herein, with ASC, Plaintiff never received any relevant information regarding the loan modification or the sheriff's sale date.

23. In July of 2010, Plaintiff received a new packet relating to a loan modification under the federal HAMP program, a/k/a Making Homes Affordable.

24. Plaintiff called back on July 28, 2010 to get an update and was advised the sheriff's sale was scheduled for September 8, 2010.

25. In early August of 2010, Plaintiff contacted Whitney as ASC, and was advised to send and email to ASC for an extension to return HAMP package; Plaintiff was also advised again that the sheriff's sale date would occur on September 8, 2010.

26. On August 18, 2010, the subject property was sold at sheriff's sale, without Plaintiff's knowledge and without any word on her loan modification or the HAMP modification; Plaintiff did not

learn this fact until September of 2010.

27. In September of 2010 Plaintiff contacted Jenny at ASC and was advised her loan modification was "in active review" and asked Plaintiff if she was willing to have an escrow account set up; Plaintiff agreed to set up an escrow account and then heard Jenny gasp and advised Plaintiff that "it looked as if your property was actually already sold on August 18th"

28. Plaintiff was mortified and shocked. Plaintiff advised Jenny that on July 28, 2010, she was advised of a sheriff's sale date of September 8, 2010. Jenny advised Plaintiff that a request for postponement had been put in and accepted, however a mistake had occurred and the sheriff's sale was not rescheduled as it should have been.

29. Again in September of 2010 Plaintiff contacted Jenny at ASC, and was advised that the sale date was not scheduled yet. Jenny advised Plaintiff that she was "in active review"; After further discussions, Jenny put a supervisor on the phone, and after apparent review of Plaintiff's file, the supervisor indicated they ASC would be putting in a request to rescind the sheriff's sale because Plaintiff was still in active review.

30. Despite the above, the subject sale was never rescinded and Plaintiff never received a response regarding her loan modification, or the opportunity for a mediation as required by law, or an evaluation under the HAMP rules, or a written denial of the loan modification.

31. Defendants failed to comply with applicable statutes and contractual requirements, acting in bad faith, by repeatedly promising Plaintiff that the loan modification documents would be reviewed, then ultimately failing to take any action prior to the sheriff's sale of the subject home which they lied to Plaintiff about.

32. Plaintiff were never formally advised that her loan modification was denied, even though

she sent all requested documentation to ASC on a timely basis.

33. Plaintiff never received a denial letter or any other written response to the loan modification request.

34. Defendants followed through with the sheriff's sale, despite their violations of the law, and upon information and belief the redemption period purportedly ended on February 18, 2011.

35. Defendants have now taken action in State District Court, to evict Plaintiff from the subject property on April 5, 2011.

36. Despite the existence of the Michigan Foreclosure Statute which was put into law in July of 2009, requiring specific notifications to homeowners and an opportunity for a loan modification, and Plaintiff was not provided with specific notices, mediation or proper loan modification opportunities as outlined below.

37. On October 3, 2008, Congress passed the Emergency Economic Stabilization Act, ("EESA"), 12 USC §5201 et seq, which allocated $700 billion to the Treasury Department to restore liquidity and stability to the financial system and preserve home ownership.

38. Using authority granted by the EESA, the Treasury Department created the Making Homes Affordable Program on February 18, 2009, of which the Home Affordable Modification Program, ("HAMP"), was part.

39. The HAMP provides financial incentives to participating mortgage servicers to modify the terms of eligible loans for the benefit of home owners.

40. On April 6, 2009, the Treasury Department issued Supplemental Directive, SD 09-01, which provides guidance for participating servicers.

41. On June 1, 2010, the Treasury Department issued Supplemental Directive, SD 10-02, which

was a supplemental directive to SD-09 and provides additional guidance for participating servicers.

42. SD 09-01 and SD 10-02 establish eligibility criteria for borrowers to participate in loan modification program.

43. Plaintiff was provided with a HAMP notice from ASC on behalf of US Bank requesting information to determine if Plaintiff qualified.

44. If permitted to participate in the HAMP program as required by law, Plaintiff would have met all of the criteria stated in SD-09-01 and SD 10-02.

45. If the borrowers meet this threshold criteria, the guidelines enumerate a sequence of steps, (the "waterfall") that servicers must apply, in a prescribed order, to achieve a "target monthly mortgage payment", which is defined as 31 percent of the borrower's gross monthly income.

46. Under HAMP, participating servicers must consider all eligible mortgage loans for modification, unless prohibited by an applicable pooling agreement.

47. Under HAMP, if the Net Present Value (NPV) of a mortgage loan after modification is greater than the NPV of the unmodified mortgage loan, the modification MUST be offered to the borrower.

48. In October of 2008, US Bank accepted over $181,000,000 (one hundred eighty one million dollars) in funds from the U.S. government as part of the Troubled Assets Relief Program, ("TARP"), 12, U.S.C. §5211.

49. US Bank entered into a Servicer Participation Agreement ("SPA") with the U.S. Treasury on April 17, 2009, agreeing to apply the Treasury Department's HAMP criteria to of the loans it services, including Plaintiff's.

50. Pursuant to the SPA and the HAMP, US Bank agreed to suspend all pending foreclosure

proceedings until the HAMP analysis was complete for all homeowners, including Plaintiff.

51. Pursuant to the SPA and the HAMP, US Bank agreed to offer a 3-month HAMP trial period at a payment level of 31 percent of income to all borrowers, including Plaintiff, who met the HAMP criteria.

52. US Bank also agreed that once the trial period is successfully completed, the loan modification at 31 percent will become permanent for eligible homeowners such as Plaintiff.

53. Because of US Bank's failure to comply with HAMP and the Michigan Foreclosure Statute, the subject property was illegally sold at the sheriff's sale which occurred on August 18, 2010.

54. Upon information and belief, the redemption period purportedly expired on February 18, 2011, however Plaintiff asserts that the redemption period cannot begin until a lawful foreclosure is undertaken.

55. This court must intervene and rescind the foreclosure and prevent Defendant US Bank from dispossessing Plaintiff of the subject property unless and until the parties can be heard by this Honorable Court, and until US Bank meets all of the requirements of HAMP and the Michigan Foreclosure statute have been met.

56. Plaintiff requests declaratory and equitable damages, as outlined below, to rescind the foreclosure, stop eviction and possession of the property by Defendants and compel US Bank to provide documentation and the opportunity for a mediation and loan modification as mandated by state and federal law, as well as a written and adequate denial as mandated by the E.C.O.A. and H.A.M.P.

## COUNT I - VIOLATION OF MCL § 600.3205a

57. Plaintiff incorporate the preceding allegations by reference.

58. The Michigan Foreclosure statute at MCL 600.3205a requires mortgagors to provide

mortgagees with various information and action including:

(a) The reasons that the mortgage loan is in default and the amount that is due and owing under the mortgage loan.

(b) The names, addresses, and telephone numbers of the mortgage holder, the mortgage servicer, or any agent designated by the mortgage holder or mortgage servicer.

(c) A designation of 1 of the persons named in subdivision (b) as the person to contact and that has the authority to make agreements under sections 3205b and 3205c.

(d) That enclosed with the notice is a list of housing counselors prepared by the Michigan state housing development authority and that within 14 days after the notice is sent, the borrower may request a meeting with the person designated under subdivision (c) to attempt to work out a modification of the mortgage loan to avoid foreclosure and that the borrower may also request a housing counselor to attend the meeting.

(e) That if the borrower requests a meeting with the person designated under subdivision (c), foreclosure proceedings will not be commenced until 90 days after the date the notice is mailed to the borrower.

(f) That if the borrower and the person designated under subdivision (c) reach an agreement to modify the mortgage loan, the mortgage will not be foreclosed if the borrower abides by the terms of the agreement.

(g) That if the borrower and the person designated under subdivision (c) do not agree to modify the mortgage loan but it is determined that the borrower meets criteria for a modification under section 3205c(1) and foreclosure under this chapter is not allowed under section 3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

(h) That the borrower has the right to contact an attorney, and the telephone numbers of the state bar of Michigan's lawyer referral service and of a local legal aid office serving the area in which the property is situated.

59. US Bank and ASC have failed or refused to provide Plaintiff with a mediation or with the required notices and modification information and opportunities in violation of The Statute.

60. Plaintiff has suffered damages as the result of Defendants' conduct.

61. US Bank and their agents must be prevented from commencing foreclosure until they comply with The Statute.

WHEREFORE, Plaintiff request damages in whatever amount this Court finds Defendants liable, in addition to declaratory relief including an Order to stop rescind the foreclosure sale and to restrain Defendants from evicting Plaintiff or taking possession of the property.

attorney fees.

**COUNT II – VIOLATION OF 15 U.S.C. §1691 *et seq.***
**EQUAL CREDIT OPPORTUNITY ACT**

62. Plaintiff incorporate the preceding allegations by reference.

63. The request for loan modification was an application for credit subject to the E.C.O.A. and implementing Federal Reserve Board Regulation B.

64. No loan modification was extended to Plaintiff.

65. No written statement of the reasons for not granting the modification was furnished to Plaintiff.

66. 15 U.S.C. §1691(d) provides:

> Reason for adverse action; procedure applicable; "adverse action" defined.
>
> (1) Within thirty days (or such longer reasonable time as specified in regulations of the

Board for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application.

(2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by–

(A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or

(B) giving written notification of adverse action which discloses (I) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.

(3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.

(4) Where a creditor has been requested by a third party to make a specific extension of credit directly or indirectly to an applicant, the notification and statement of reasons required by this subsection may be made directly by such creditor, or indirectly through the third party, provided in either case that the identity of the creditor is disclosed.

(5) The requirements of paragraph (2), (3), or (4) may be satisfied by verbal statements or notifications in the case of any creditor who did not act on more than one hundred and fifty applications during the calendar year preceding the calendar year in which the adverse action is taken, as determined under regulations of the Board.

(6) For purposes of this subsection, the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

I. 15 U.S.C. §1691a provides:

Definitions; rules of construction

a) The definitions and rules of construction set forth in this section are applicable for the purposes of this title [15 U.S.C. §§1691 et seq.].

b) The term "applicant" means any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of

an existing credit plan for an amount exceeding a previously established credit limit.

c) The term "Board" refers to the Board of Governors of the Federal Reserve System.

d) The term "credit" means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor.

e) The term "creditor" means any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

f) The term "person" means a natural person, a corporation, government or governmental subdivision or agency, trust, estate, partnership, cooperative, or association.

g) Any reference to any requirement imposed under this title [15 U.S.C. §§1691 et seq.] or any provision thereof includes reference to the regulations of the Board under this title [15 U.S.C. §§1691 et seq.] or the provision thereof in question.

67. Plaintiff were an applicant as defined in §1691a.

68. Defendant is a "creditor" as defined in §1691a.

69. Loan modifications offered by Defendant are "credit" as defined in §1691a.

70. Implementing Federal Reserve Board Regulation B, 12 C.F.R. §202.9, provides:

Notifications.

(a) Notification of action taken, E.C.O.A. notice, and statement of specific reasons –

(1) When notification is required. A creditor shall notify an applicant of action taken within:

(I) 30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application;

(ii) 30 days after taking adverse action on an incomplete application, unless notice is provided in accordance with paragraph c) of this section;

(iii) 30 days after taking adverse action on an existing account; or

(iv) 90 days after notifying the applicant of a counteroffer if the applicant does not expressly accept or use the credit offered.

(2) Content of notification when adverse action is taken. A notification given to an applicant when adverse action is taken shall be in writing and shall contain: a statement of the action taken; the name and address of the creditor; a statement of the provisions of section 701(a) of the Act; the name and address of the Federal agency that administers compliance with respect to the creditor; and either:

(I) A statement of specific reasons for the action taken; or

(ii) A disclosure of the applicant's right to a statement of specific reasons within 30 days, if the statement is requested within 60 days of the creditor's notification. The disclosure shall include the name, address, and telephone number of the person or office from which the statement of reasons can be obtained. If the creditor chooses to provide the reasons orally, the creditor shall also disclose the applicant's right to have them confirmed in writing within 30 days of receiving a written request for confirmation from the applicant.

33. 15 U.S.C. §1691e provides:

Civil liability

a) Individual or class action for actual damages. Any creditor who fails to comply with any requirement imposed under this title [15 U.S.C. §§1691 et seq.] shall be liable to the aggrieved applicant for any actual damages sustained by such applicant acting either in an individual capacity or as a member of a class.

b) Recovery of punitive damages in individual and class action for actual damages; exemptions; maximum amount of punitive damages in individual actions; limitation on total recovery in class actions; factors determining amount of award. Any creditor, other than a government or governmental subdivision or agency, who fails to comply with any requirement imposed under this title [15 U.S.C. §§1691 et seq.] shall be liable to the aggrieved applicant for punitive damages in an amount not greater than $ 10,000, in addition to any actual damages provided in subsection (a), except that in the case of a class action the total recovery under this subsection shall not exceed the lesser of $ 500,000 or 1 per centum of the net worth of the creditor. In determining the amount of such damages in any action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional.

c) Action for equitable and declaratory relief. Upon application by an aggrieved

applicant, the appropriate United States district court or any other court of competent jurisdiction may grant such equitable and declaratory relief as is necessary to enforce the requirements imposed under this title [15 U.S.C. §§1691 et seq.].

d) Recovery of costs and attorney fees. In the case of any successful action under subsection (a), (b), or ©), the costs of the action, together with a reasonable attorney's fee as determined by the court, shall be added to any damages awarded by the court under such subsection.

e) Good faith compliance with rule, regulation, or interpretation of Board or interpretation or approval by an official or employee of Federal Reserve System duly authorized by Board. No provision of this title [15 U.S.C. §§1691 et seq.] imposing liability shall apply to any act done or omitted in good faith in conformity with any official rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or approval is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

f) Jurisdiction of courts; time for maintenance of action; exceptions. Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than two years from the date of the occurrence of the violation . . . .

71. Defendant's action in not providing the reason for credit denial or failure to approve credit violates the E.C.O.A.

72. Plaintiff has suffered damages as a result of these violations.

**COUNT III - BREACH OF CONTRACT**
**US BANK ONLY**

73. Plaintiff incorporate the preceding allegations by reference.

74. The mortgage entered into between Plaintiff and Defendant's predecessor in interest defines "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions."

75. The HAMP is a part of "Applicable Law" under the mortgage.

76. According to the mortgage, "all rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law."

77. Plaintiff complied with all documentation requests made by Defendants, and with all of the documentation requirements of HAMP, but was refused HAMP review.

78. Defendant failed to complete the contractually-required analysis to determine whether Plaintiff was entitled to a HAMP trial period.

79. Despite clear HAMP provisions to the contrary, Defendant allowed Plaintiff's premises to go to sheriff's sale while the request for modification was pending.

80. By failing to comply with Applicable Law, Defendant breached its obligations pursuant to the Mortgage.

81. Plaintiff request that this Court enter Judgment rescinding the August 18, 2010 sheriff's sale, and stop the eviction of Plaintiff from the home, and require Defendant to comply with its contractual obligations pursuant to the mortgage and offer a HAMP loan modification, and for money damages relating to the breach of contract, including the refund of all late fees, other servicing fees, over-charged interest, and attorney fees charged to the account related to Defendant's failure to comply with its contractual obligations.

**COUNT IV - BREACH OF CONTRACT - THIRD PARTY BENEFICIARY**
**US BANK ONLY**

82. Plaintiff incorporate the preceding allegations by reference.

83. The HAMP program exists to benefit of borrowers in foreclosure, including Plaintiff.

84. Defendant US Bank entered into the SPA and undertook to comply with the HAMP modification requirements for the direct benefit of those borrowers whose mortgage notes Defendant

US Bank services.

85. Because Plaintiff' mortgage note is one that Defendant US Bank serviced, Plaintiff is a third-party beneficiary of the SPA.

86. Plaintiff complied with all documentation requests made by Defendants, and with all of the documentation requirements of HAMP.

87. Defendant failed to complete the contractually-required analysis to determine whether Plaintiff was entitled to a HAMP trial period.

88. Despite clear HAMP provisions to the contrary, Defendant allowed Plaintiff' premises to go to sheriff's sale while the request for modification was pending.

89. By failing to comply with Applicable Law, Defendant breached its obligations pursuant to the Mortgage.

90. Plaintiff request that this Court enter Judgment rescinding the August 18, 2010 sheriff's sale, and stop the eviction of Plaintiff from her home, requiring Defendant to comply with its contractual obligations pursuant to the mortgage and offer a HAMP loan modification, and for money damages relating to the breach of contract, including the refund of all late fees, other servicing fees, over-charged interest, and attorney fees charged to the account related to Defendant's failure to comply with its contractual obligations.

**COUNT V - PROMISSORY ESTOPPEL**
**US BANK ONLY**

91. Plaintiff incorporate the preceding allegations by reference.

92. Defendant made promises to Plaintiff that their loan modification documents would be reviewed, that Defendant would contact Plaintiff or their agent concerning the loan modification, and that they would comply with federal and state law.

93. When Defendant made these promises, they knew or should have reasonably expected that this promise would induce Plaintiff to take action.

94. Plaintiff took actions on reliance on Defendant's promise, including making payments, continuing to expend time and resources to communicate with Defendant, hiring an agent to assist in the loan modification, and forgoing other opportunities to try to keep their home or otherwise prevent foreclosure.

95. Plaintiff have been damaged by their reliance as outlined in the payments referenced in the paragraph 87, and incurring substantial fees on the account.

96. Plaintiff request this Court to enter a Judgment requiring Defendant to fulfill its obligation to review and analyze the loan modification documents pursuant to the HAMP requirements and rescinding the sheriff's sale of August 18, 2010, and stopping the planned eviction of Plaintiff from her home.

## COUNT VI
## MISREPRESENTATION and/or FRAUD

97. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

98. At all times relevant hereto, Defendant represented to Plaintiff that:

a) Defendants would advise Plaintiff whether she qualified for a loan modification.

b) Defendants would postpone the sheriff's sale until a decision was made on the loan modification;

c) Defendants file was under review;

d) Defendants would evaluate Plaintiff's financial information and other documents submissions to determine if she qualified for a loan modification;

e) Defendants would notify Plaintiff if, when and why the loan modification was denied.

99. The foregoing representations were false.

100. Defendant made the aforesaid representations knowing the same to be false, or with reckless disregard as to whether they were true or false, or, alternatively, innocently, but with the intent that Plaintiff rely on same.

101. Defendant benefitted from Plaintiff's reliance.

102. As a direct and proximate result of Defendant aforedescribed fraud and/or misrepresentation, Plaintiff has suffered the damages set forth above, as well as mental distress, anxiety, humiliation and embarrassment.

WHEREFORE, Plaintiff prays for judgment against Defendants, in an amount in excess of $25,000.00 including interest, insurance costs, court costs and reasonable attorney fees, along with equitable damages including rescission of the August 18, 2010 sheriff's sale, and cessation of the eviction of Plaintiff from her home, requiring Defendant to comply with its contractual obligations pursuant to the mortgage and offer a HAMP loan modification.

**COUNT VII**
**INJUNCTIVE RELIEF**

103. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

104. Plaintiff request that this Court enter Judgment rescinding the August 18, 2010 sheriff's sale, and stop the eviction of Plaintiff from her home, requiring Defendant to comply with its contractual obligations pursuant to the mortgage and offer a HAMP loan modification, and for money damages relating to the breach of contract, including the refund of all late fees, other servicing fees, over-charged interest, and attorney fees charged to the account related to Defendant's failure to comply with its contractual obligations.

**REQUEST FOR RELIEF**

Plaintiff respectfully requests that this Honorable Court grant:

a) A temporary restraining order, preventing the eviction of Plaintiff from the home, and restraining the eviction and/or possession by Defendants, until the parties may be heard;

b) Monetary damages, including court costs and attorney fees in whatever amount this court deems proper;

c) Recission of the foreclosure and sheriff's sale;

d) An Order compelling Defendants to refrain from eviction, during the pendency of this litigation, and/or until they provide Plaintiff with any and adequate notices under Michigan and Federal law, and proof of standing to foreclose.

e) An Order compelling Defendants to refrain from derogating Plaintiff credit during the pendency of this litigation until the parties can be heard.

f) And any other relief this Honorable Court deems just and proper.

Respectfully Submitted,

By:______________________________

ADAM S. ALEXANDER (P53584)
Attorney for Plaintiff
18930 West Ten Mile Rd. Ste. 2500
Southfield, MI 48075
(248) 246-6353

April 4, 2011

7009 0820 0000 9677 8902





1000







The Alexander Law Firm
18930 W. Ten Mile Rd., Ste 2500
Southfield, MI 48075

**CERTIFIED-RETURN RECEIPT REQUESTED**
AMERICA'S SERVICING COMPANY
601 ABBOTT RD
EAST LANSING, MI 48823

# Exhibit B



CORPORATION SERVICE COMPANY®

null / ALL
**Transmittal Number: 8619915**
**Date Processed: 04/08/2011**

# Notice of Service of Process

**Primary Contact:** WF West - WFHM
Corporation Service Company- Wilmington, DELAWARE
2711 Centerville Road
Suite 400
Wilmington, DE 19808

| | |
|---|---|
| **Entity:** | America'S Servicing Company<br>Entity ID Number 1901284 |
| **Entity Served:** | America's Servicing Company |
| **Title of Action:** | Charlene McNary vs. US Bank National Association |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Wayne County Circuit Court, Michigan |
| **Case/Reference No:** | 11-003967-CZ |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 04/07/2011 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Adam S. Alexander<br>248-246-6353 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

# Exhibit C

2010 AUG 31 PM 3:37

Bernard J. Youngblood
Wayne County Register of Deeds
August 31, 2010 03:37 PM
Liber 48715 Page 1375-1380
#201030813S SHD FEE $30.00

FILE DO NOT MAIL

## SHERIFF'S DEED ON MORTGAGE FORECLOSURE

THIS INDENTURE made the 18th day of August, 2010* between Ralph Leggat a deputy sheriff in and for Wayne County, Michigan, party of the first part, and US Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4, 7515 Irvine Center Dr. Irvine, OH, 92618, party of the second part (hereinafter called the grantee).

Witnesseth, that whereas, Charlene McNary, a single woman, whose address is 741 Lemay, Detroit, MI 48214, made a certain mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns (hereinafter called "Mortgagee"), which was duly recorded in the office of the Register of Deeds of Wayne County in Liber 45364, Page 776,Wayne County Records. Said mortgage is now held by US Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4 by assignment.

WHEREAS, said mortgage contained a power of sale which has become operative by reason of default in the terms and conditions of the mortgage; and

WHEREAS, no suit or proceeding at law or in equity has been instituted to recover the debt secured by the mortgage or any part thereof; and

WHEREAS, by virtue of the power of sale, and pursuant to the statutes of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in the mortgage that the premises, or some part of them, would be sold on the 18th day of August, 2010*, at the Courtroom 1607, Wayne County Circuit Court Tower in the Coleman A. Young Municipal Center in Detroit, that being the place of holding the Circuit Court for Wayne County wherein the premises are located; and

WHEREAS, pursuant to said notice I did, at 1:00 p.m., local time, on the date stated above, expose for sale at public vendue the said lands and tenements described below, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of **Eighty-Five Thousand & 0/100 Dollars ($85,000.00)**, that being the highest bid therefore and the grantee being the highest bidder; and

WHEREAS, said lands and tenements are situated in the City of Detroit, Wayne County, Michigan, and are more particularly described as:

**Unit 88, Jefferson Village Condominium, according to the Master Deed recorded in Liber 41076 Page 5 Wayne County records, and amended in the Third Amendment to the Master Deed in Liber 43902, Page 135, Wayne County records, designated as Wayne County Condominium Subdivision Plan Number 795, together with rights in general common elements and limited common elements, as set forth in the above Master Deed and as described in Act 59 of the Public Acts of 1978, as amended.**

**Tax# Ward 21 Item 040000.088**
More commonly known as 741 Lemay

Now, this indenture Witnesseth, that I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain, and sell unto the grantee, its successors and assigns, FOREVER, all the estate, right, title, and interest which the said Mortgagor(s) had in said land and tenements and every part thereof, on 20th day of September, 2006, that being the date of said mortgage, or any time thereafter, to have and to hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoove forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could, or ought to sell the same.

In witness whereof I have set my hand and seal.

Ralph Leggat
Deputy Sheriff in and for the County of Wayne, Michigan

State of Michigan
County of Wayne

This Sheriff's Deed on Mortgage Sale was acknowledged before me this 18th day of August, 2010*, by Ralph Leggat, Deputy Sheriff for Wayne County, Michigan.

______, Notary Public
Name
Wayne County, Michigan
My Commission Expires: ______
Acting in ______ County

Laura [illegible]
Notary Public
Appointed in Macomb County
Acting in Wayne County
Appointment Expires 11/19/2014

County Revenue Required.
Exempt from State Real Estate Transfer Tax pursuant to MCLA 207.526(v)

Adjourned from April 1, 2009 to August 18, 2010 by posting a notice of adjournment at the place of sale for Wayne County, Michigan.

File Number: 306.2437 Loan Type: CONV

STATE OF MICHIGAN
Wayne County
August 31, 2010 03:37:08 PM
Receipt # 286193



REAL ESTATE TRANSFER TAX
$93.50 - CO
$0.00 - ST
Stamp # 195293

L 48715 - P 1376

**Orlans - Charlene McNary**

THIS FIRM IS A DEBT COLLECTORATTEMPTING TO COLLECT A DEBT ANY INFORMATION OBTAINED WILLBE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTYMORTGAGE SALE - Default has been made in the conditions of a mortgage made by Charlene McNary, a single woman, to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns, Mortgagee, dated September 20, 2006 and recorded September 29, 2006 in Liber 45364, Page 776, Wayne County Records, Michigan. Said mortgage is now held by US Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4 by assignment. There is claimed to be due at the date hereof the sum of Two Hundred Forty-Eight Thousand Five Hundred Fifty-Seven and 23/100 Dollars ($248,557.23) including interest at 9.35% per annum.Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue at the Courtroom 1607, Wayne County Circuit Court Tower in the Coleman A. Young Municipal Center in Detroit in Wayne County, Michigan at 1:00 p.m. on APRIL 1, 2009.Said premises are located in the City of Detroit, Wayne County, Michigan, and are described as:Unit 88, Jefferson Village Condominium, according to the Master Deed recorded in Liber 41076 Page 5 Wayne County records, and amended in the Third Amendment to the Master Deed in Liber 43902, Page 135, Wayne County records, designated as Wayne County Condominium Subdivision Plan Number 795, together with rights in general common elements and limited common elements, as set forth in the above Master Deed and as described in Act 59 of the Public Acts of 1978, as amended.The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA #600.3241a, in which case the redemption period shall be 30 days from the date of such sale. TO ALL PURCHASERS: The foreclosing mortgagee can rescind the sale. In that event, your damages, if any, are limited solely to the return of the bid amount tendered at sale, plus interest.Dated: February 27, 2009Orlans Associates, P.C.Attorneys for ServicerP.O. Box 5041Troy, MI 48007-5041248-502-1400 File No. 306.2437(2-27)(3-20)

**EVIDENCE OF SALE**

(Affidavit of Publisher)

STATE OF MICHIGAN,
ss. WAYNE
COUNTY OF

**Clifford Keith**

being duly sworn deposes and says that a notice, a true copy of which is annexed hereto, and published in Detroit Legal News, a newspaper printed and circulated in said State and County on February 27, March 6, March 13, March 20, 2009 A.D. and that he/she is the principal clerk of the printers of said newspaper and knows the facts stated herein.

**Clifford Keith**

Subscribed and sworn before me on this 20th day of March 2009 A.D.

Ramona Allen

~~Dawn M Keith~~

~~Notary Public Oakland County, Michigan. My commission expires: December 18, 2013. Acting in Wayne County, Michigan.~~

RAMONA ALLEN
NOTARY PUBLIC STATE OF MICHIGAN
COUNTY OF OAKLAND
ACTING IN WAYNE COUNTY
MY COMMISSION EXP OCTOBER 22, 2014

| | | |
|---|---|---|
| Attorney Office: | Orlans Associates P.C. Wayne | Orlans |
| AttorneyFile#: | 306.2437 | |
| Notice#: | 592236 | |

L 48715 - P 1377

**Orlans - Charlene McNary**

THIS FIRM IS A DEBT COLLECTORATTEMPTING TO COLLECT A DEBT.ANY INFORMATION OBTAINED WILLBE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTYMORTGAGE SALE - Default has been made in the conditions of a mortgage made by Charlene McNary, a single woman, to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns, Mortgagee, dated September 20, 2006 and recorded September 29, 2006 in Liber 45364, Page 776, Wayne County Records, Michigan. Said mortgage is now held by US Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4 by assignment. There is claimed to be due at the date hereof the sum of Two Hundred Forty-Eight Thousand Five Hundred Fifty-Seven and 23/100 Dollars ($248,557.23) including interest at 9.35% per annum.Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue at the Courtroom 1607, Wayne County Circuit Court Tower in the Coleman A. Young Municipal Center in Detroit in Wayne County, Michigan at 1:00 p.m. on APRIL 1, 2009.Said premises are located in the City of Detroit, Wayne County, Michigan, and are described as:Unit 88, Jefferson Village Condominium, according to the Master Deed recorded in Liber 41076 Page 5 Wayne County records, and amended in the Third Amendment to the Master Deed in Liber 43902, Page 135, Wayne County records, designated as Wayne County Condominium Subdivision Plan Number 795, together with rights in general common elements and limited common elements, as set forth in the above Master Deed and as described in Act 59 of the Public Acts of 1978, as amended.The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA ¤600.3241a, in which case the redemption period shall be 30 days from the date of such sale. TO ALL PURCHASERS: The foreclosing mortgagee can rescind the sale. In that event, your damages, if any, are limited solely to the return of the bid amount tendered at sale, plus interest.Dated: February 27, 2009Orlans Associates, P.C.Attorneys for ServicerP.O. Box 5041Troy, MI 48007-5041248-502-1400 File No. 306.2437(2-27)(3-20)

**EVIDENCE OF SALE**

(Affidavit of Posting)

STATE OF MICHIGAN
ss.
COUNTY OF WAYNE

Alonzo Pirtle being duly sworn, deposes that on the 7th day of March, 2009 A.D, he/she posted a notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to the front door.

Alonzo Pirtle

Subscribed and sworn before me on this 11th day of March 2009 A.D.

Joanna Noble

Notary Public Macomb County, Michigan. My commission expires: June 20, 2013 . Acting in Wayne County, Michigan.

CIRCLE IF Vacant

| | | | |
|---|---|---|---|
| Multi-Unit | Upper Unit | Lower Unit | |
| Multi-Addr | Unit 1 Unit 2 | Unit A Unit B | |
| Condo | Mobile/Manufactured Home | | No Dwelling |

Attorney Office: Orlans Associates P.C. Wayne
Attorney File# 306.2437
Notice ID# 592236

**NON-MILITARY AFFIDAVIT**

State of Michigan
ss.
County of Oakland

The undersigned, being first duly sworn, states that upon investigation she/he is informed and believes that none of the persons named in the notice attached to the sheriff's deed of mortgage foreclosure, nor any person upon whom they or any of them were dependent, were in the military service of the United States at the time of sale or for six months prior thereto; nor the present grantee(s).

The undersigned further states that this affidavit is made for the purpose of preserving a record and clearing title by virtue of The Servicemembers Civil Relief Act of 2003, as amended.

Ophelia Hatten

Subscribed and sworn to before me this 12th day of August, 2010

Nicholas Gomulinski, Notary Public
Macomb County Acting in Oakland County, Michigan
My Commission Expires: 3/24/2017

**AFFIDAVIT OF AUCTIONEER and CERTIFICATE OF REDEMPTION PERIOD**

State of Michigan
ss.
County of Wayne

Ralph Leggat being first duly sworn, deposes and says that he is a Deputy Sheriff of said Wayne County; that he/she acted as Auctioneer, and made the sale as described in the annexed Deed pursuant to the annexed printed notice; that said sale was opened at 1:00 p.m., local time, on the 18th day of August, 2010, Courtroom 1607, Wayne County Circuit Court Tower in the Coleman A. Young Municipal Center in Detroit, that being the place of holding the Circuit Court for Wayne County, and said sale was kept open for the space of one hour; that the highest bid for the lands and tenements therein described was **Eighty-Five Thousand & 0/100 Dollars ($85,000.00)**; made by US Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4, that said sale was in all respects open and fair; and that he/she did strike off and sell said lands and tenements to said bidders, which purchased the said lands and tenements fairly, and in good faith, as deponent verily believes.

I DO HEREBY CERTIFY that the within Sheriff's Deed will become operative at the expiration of the redemption period, February 18, 2011, unless said date falls on a weekend, at which point the redeeming party or anyone claiming under him, will have until 5:00pm the following Monday to perfect their redemption; OR the property is determined abandoned pursuant to MCLA 600.3241a, in which case the redemption period will be 30 days from the date of sale, OR should the Sheriff's Deed not be recorded within 20 days from the date of the foreclosure sale, in which case the redemption period will be 6 months from the date of recording. The foreclosing mortgagee can rescind the sale in the event a 3rd party buys the property and there is a simultaneous resolution with the borrower.

Ralph Leggat
Deputy Sheriff
Wayne County, Michigan

Subscribed and sworn to before me this 18th day of August, 2010.

_______________, Notary Public
Name
Wayne County, Michigan
My commission expires: _______________

**Laura Dyament**
**Notary Public**
**Appointed in Macomb County**
**Acting in Wayne County**
**Appointment Expires 11/19/2014**

10-20164
ORIGINAL

Drafted by and when recorded return to:
**Marshall R. Isaacs**
**Orlans Associates, P.C.**
**P.O. Box 5041**
**Troy, MI 48007-5041**
**(248) 502-1400** File No: 306.2437

**ATTN REGISTER OF DEEDS:** Please send all Redemption notifications and funds collected in your office to Orlans Associates, P.C., P.O. Box 5041, Troy, MI 48007-5041.

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest. Please be advised that all 3rd party bidders are responsible for preparing and recording the Sheriff's Deed. ORLANS ASSOCIATES, P.C. Hereby expressly disclaims all liability relating to the foreclosure, preparation and recording of the Sheriff's Deed.

## AFFIDAVIT DECLARING REDEMPTION DESIGNEE

STATE OF MICHIGAN)
ss)
COUNTY OF OAKLAND)

Marshall R. Isaacs, being first duly sworn, deposes and says:
1. That Marshall R. Isaacs is the duly authorized attorney US Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4 and is familiar with the facts set forth herein.

2. This affidavit is being filed to declare the redemption amount in relation to the property located in the City of Detroit, County of Wayne further described as:
**Unit 88, Jefferson Village Condominium, according to the Master Deed recorded in Liber 41076 Page 5 Wayne County records, and amended in the Third Amendment to the Master Deed in Liber 43902, Page 135, Wayne County records, designated as Wayne County Condominium Subdivision Plan Number 795, together with rights in general common elements and limited common elements, as set forth in the above Master Deed and as described in Act 59 of the Public Acts of 1978, as amended.**
Commonly Known as: 741 Lemay Tax ID #: Ward 21 Item 040000.088

3. On or about September 20, 2006 a mortgage was executed between Charlene McNary, a single woman to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns for $242,269.00 on September 20, 2006, recorded September 29, 2006 in Liber 45364, Page 776, Wayne County Records.
4. Said mortgage is currently held by US Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4.
5. Said mortgage is scheduled for foreclosure on the 18th day of August, 2010 for, $85,000.00.
6. Redemption must include $85,000.00, plus interest at the rate of 9.35% from August 18, 2010; at a per diem amount of $21.77; plus additional expenses for Taxes; Redemption of Senior Liens; Condominium Assessments; Homeowner Assessments; Community Association Assessments; or Premiums for Insurance Policies and Redemption Servicing Fee. **An authorized computation of the above can be received only from the designee listed below.**
7. The Redemption Servicing Fee, as allowed by Michigan Statue is $200.00, plus recording costs. The servicing fee is payable to Orlans Associates, P.C. and will be added to the redemption amount.

TO ORDER A REDEMPTION COMPUTATION CALL:
ORLANS ASSOCIATES, P.C., REDEMPTION DEPARTMENT
P.O. Box 5041
Troy, MI 48007-5401
248-502-1400

8. US Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4 hereby appoints Orlans Associates, P.C. as its designee and pursuant to MCLA 600.3240 declares that a computation of the amount to redeem done by any other than Orlans Associates, P.C. is subject to the designee's audit of said computation and such redemption funds are subject to rejection.

9. A written, official computation of the redemption amount will be prepared by Orlans Associates, P.C., within a reasonable period of time for any and all who request such a computation.

10. Any redemption made without a written, current, computation provided by Orlans Associates, P.C. will be subject to audit and potential subsequent rejection of said funds.

11. Attention: REGISTER OF DEEDS; DO NOT accept redemption funds without a written, current redemption computation from Orlans Associates, P.C. Acceptance of funds without an Orlans Associates, P.C. computation will subject that redemption to an audit and potential subsequent rejection of the redemption funds.

12. The within Sheriff's Deed will become operative at the expiration of the redemption period, February 18, 2011, unless said date falls on a weekend, at which point the redeeming party or anyone claiming under him, will have until 5:00pm the following Monday to perfect their redemption; OR the property is determined abandoned pursuant to MCLA 600.3241a, in which case the redemption period will be 30 days from the date of sale, OR should the Sheriff's Deed not be recorded within 20 days from the date of the foreclosure sale, in which case the redemption period will be 6 months from the date of recording.

Further affiant sayeth not.

Marshall R. Isaacs
Attorney for US Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4

Subscribed and sworn to before me this 12th day of August, 2010, by Marshall R. Isaacs Attorney for US Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4

Nicholas Gomulinski, Notary Public
Macomb County Acting in Oakland County, Michigan
My Commission Expires: 3/24/2017

**Drafted by and when recorded return to:**
**Marshall R. Isaacs**
**Orlans Associates, P.C.**
**P.O. Box 5041**
**Troy, Michigan 48007-5401**
**(248) 502-1400** File Number: 306.2437

Date Dated: 08/12/10

Wayne County

2009 MAR -6 AM 10:51



Bernard J. Youngblood
Wayne County Register of Deeds
March 06, 2009 10:51 AM
Liber 47748 Page 732-732
#209059040 ASG FEE: $15.00

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that **Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns , 1595 Spring Hill Rd Ste 310 Vienna, VA 22182,** for and in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration, to it paid by **US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-BC4, 7515 Irvine Center Dr., Irvine, OH 92618** its successors and assigns, party of the second part, the receipt whereof is hereby acknowledged, has sold, assigned and transferred and does hereby sell, assign and transfer to the said party of the second part, all the right, title and interest of the said party of the first part in and to a certain real estate mortgage dated September 20, 2006, made by Charlene McNary, a single woman, to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns in the amount of $242,269.00 and recorded on September 29, 2006 in Wayne County Register of Deeds office in Liber 45364, Page 776, described as follows, to wit:

Unit 88, Jefferson Village Condominium, according to the Master Deed recorded in Liber 41076 Page 5 Wayne County records, and amended in the Third Amendment to the Master Deed in Liber 43902, Page 135, Wayne County records, designated as Wayne County Condominium Subdivision Plan Number 795, together with rights in general common elements and limited common elements, as set forth in the above Master Deed and as described in Act 59 of the Public Acts of 1978, as amended.
Tax ID # Ward 21 Item 040000.088

Commonly known as: 741 Lemay

together with the note to which the same is collateral;

Effective Date: On or before February 26, 2009

IN WITNESS WHEREOF of said party of the first part has caused these presents to be signed by its Assistant Secretary and Vice President to Corporate Resolution for **Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns** and its corporate seal to be hereunto affixed this 27th day of February, 2009.

**Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns**

BY: ______________________
Marshall R. Isaacs
Assistant Secretary and Vice President Pursuant to Corporate Resolution

STATE OF MICHIGAN )
) ss.
COUNTY OF OAKLAND )

On this 27th day of February, 2009, before me appeared Marshall R. Isaacs to me personally known, who being by me duly sworn, did each for her/himself say that they are respectively the Assistant Secretary and Vice President to Corporate Resolution for **Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns** and which executed the within instrument, and that the seal affixed to the said instrument is the corporate seal of the corporation named in and which executed the within instrument.

______________________
Susan E. Solwold, Notary Public
Oakland County Acting in Oakland County, Michigan
My Commission Expires: 8/23/2014

Drafted by and when recorded return to:
Marshall R. Isaacs
Attorney at Law
Orlans Associates PC
P.O. Box 5041
Troy, MI 48007

**Orlans File No. 306.2437**

**Recording Fee: $**